BURKE, WILLIAMS & SORENSEN, LLP
Richard J. Reynolds, Bar No. 89911
Rafael R. Garcia-Salgado, Bar No. 283230
1851 East First Street, Suite 1550
Santa Ana, CA  92705-4067
Telephone:    949.863.3363
Facsimile:    949.863.3350

Attorneys for Creditor
TROJAN CAPITAL INVESTMENTS, LLC

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>ANA DURAN<br><br>Debtor, | Case No.  2:18-bk-13697-SK<br><br>Chapter Number:  13<br><br>**SECURED CREDITOR TROJAN CAPITAL INVESTMENTS, LLC'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN**<br><br>DATE:    December 13, 2018<br>TIME:    10:00 a.m.<br>CTRM:    1575 |

TROJAN CAPITAL INVESTMENTS, LLC ("Trojan") hereby objects (the "Objection") to confirmation of the Debtor's proposed Second Amended Chapter 13 Plan [Docket No. 60] (the "Plan") in the above-referenced matter.  This Objection is based on the authorities cited herein and on such additional submissions and argument as may be presented at or before the confirmation hearing.  In support of its Objection, Trojan respectfully states as follows:

**I.     INTRODUCTION**

With the Debtor's lien strip motion now denied, the Debtor attempts to resurrect her Plan with a new contribution of $1,440 a month conjured out of thin air.  The Debtor also filed new schedules [Docket No. 61] reducing food expenses by $200 a month and medical expenses by $400 a month, among other changes, in order to accommodate the regular monthly payments on

Trojan's second lien. The Debtor cannot simply make up numbers as she goes along. Given that the Debtor's entire Plan payment is dependent on a gift contribution, this case is wholly infeasible. Confirmation of the Plan should be denied due to the Debtor's questionable finances and reliance on gift contributions.

## II. STATEMENT OF FACTS

1. Trojan's claim is evidenced by a Note executed by Debtor Ana Duran and dated March 27, 2006, in the original principal sum of $58,500.00 (the "Note"). A copy of the Note is attached to Trojan's Objection to Confirmation of First Amended Chapter 13 Plan [Docket No. 40] in the instant bankruptcy case and incorporated herein by reference.

2. The Note is secured by a second deed of trust (the "Deed of Trust") encumbering the real property commonly known as 3303 Prospect Avenue, Glendale, CA 91214 (the "Property"). A copy of the Deed of Trust is attached to Trojan's Objection to Confirmation of First Amended Chapter 13 Plan [Docket No. 40] in the instant bankruptcy case and incorporated herein by reference.

3. Subsequently, the Note was assigned to Trinity Financial Services, LLC ("Trinity") and subsequently to Trojan. Trojan, directly or through an agent, is in possession of the original Note. Copies of the assignments are attached to Trojan's Objection to Confirmation of First Amended Chapter 13 Plan [Docket No. 40] in the instant bankruptcy case and incorporated herein by reference.

4. On April 16, 2018, the Debtor filed her original plan [Docket No. 15] providing for monthly payments to the Trustee in the total amount of $242.00 per month for 36 months. The plan failed to provide payment to Trojan on account of its secured claim. The plan indicated the Debtor's intent to file a Motion to Avoid Trojan's Lien.

5. On April 30, 2018, the Debtor filed her Motion to Avoid Junior Lien on Principal Residence [Docket No. 20].

6. On May 14, 2018, the Chapter 13 Trustee filed her Objection to Confirmation of the Chapter 13 Plan [Docket No. 22].

7. On May 31, 2018, Trinity filed its Objection to Confirmation of the Chapter 13

1  Plan [Docket No. 24].

2      8.    On July 2, 2018, the Debtor filed her plan, again providing for monthly payments to the Trustee in the total amount of $242.00 per month for 36 months. The Plan again failed to provide payment to Trojan on account of its secured claim.

    9.    On August 2, 2018, Trojan filed its Objection to First Amended Chapter 13 Plan [Docket 40].

    10.    On August 2, 2018, Trinity filed its Opposition to Debtor's Motion to Avoid Lien on Principal Residence [Docket Nos. 41-43].

    11.    On August 27, 2018, the Court issued its Scheduling Order on Debtor's Motion to Avoid Junior Lien on Principal Residence [Docket No. 44].

    12.    On October 18, 2018, Trojan filed the declaration of the parties' jointly selected appraiser [Docket No. 47], resolving the lien strip motion with an appraisal indicating Trojan's lien was at least partially secured.

    13.    On October 22, 2018, Trojan filed its Motion to Dismiss [Docket No. 50].

    14.    On October 24, 2018, Trojan filed the Stipulation with Debtor Resolving the Hearing on Debtor's Motion to Avoid Junior Lien on Principal Residence [Docket No. 53].

    15.    On October 30, 2018, the Court issued its Order Granting Stipulation Resolving the Hearing on Debtor's Motion to Avoid Junior Lien on Principal Residence [Docket No. 57].

    16.    On November 27, 2018, the Debtor filed amended schedules now showing $1,713.20 in net income, up from $242.77 on her original schedules [Docket No. 12]. The schedules do not state the source of a new $1,440 monthly contribution. The schedules state only "Contribution from _____," leaving a blank space. The schedules also showed the Debtor's expenses were now lowered by $750, seemingly in order to accommodate Trojan's regular monthly payment and an increase in the payment on the Debtor's first lien.

    17.    The same day, the Debtor also filed her Plan, now including monthly Plan payments of $1,714 a month.

## III. ARGUMENT

    18.    The provisions of 11 U.S.C. § 1325 set forth the requirements for the Court to

confirm a Chapter 13 Plan. A reviewing court should confirm a plan only if it appears under all circumstances that the plan has a reasonable likelihood of success. *In re Craig,* 112 B.R. 224, 225 (Bankr. N.D. Ohio 1990) (citing *In re Anderson*, 28 B.R. 628, 630 (Bankr. S.D. Ohio 1982). The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren)*, 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, the Debtor fails to meet this burden.

**A.     The Plan is Not Feasible**

1.     To be eligible for Chapter 13 relief, the Debtor must be an "individual with regular income." 11 U.S.C. § 109(e). The Code defines this term as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under chapter 13." *Id.* § 101(30).

2.     Here, the Debtor simply does not have the regular income necessary to make payments under the Plan. The Debtor scheduled only disability benefits of $1,148.34. While the Debtor is able to rely on her husband's income of $2,636.69 a month, this results only in $3,785.03 in total monthly income. The Debtor scheduled total expenses at $4,211.83 a month [Docket No. 61], so this Plan is wholly infeasible.

**B.     The Proposed Gift Contributions Do Not Render the Plan Feasible**

3.     "The Debtor bears the burden of proof in establishing his ability to make the payments needed under the plan, and must provide sufficient factual basis for the Court to determine both the regularity and stability of his income." *In re Porter*, 276 B.R. 32, 38 (Bankr. D. Mass. 2002).

4.     For Chapter 13 plans, "[r]eliance on contributions from family is disfavored." *In re Deutsch*, 529 B.R. 308, 312 (Bankr. C.D. Cal. 2015) (denying confirmation of a plan relying on contributions by the debtor's cohabiting significant other). In general, to approve a plan calling for family contributions, courts require "a firm commitment by the family member to make the contributions and a long and undisputed history of providing for the debtor." *In re Mercer*, No. 2:14-BK-31175-TD, 2015 WL 5735810, at *1 (Bankr. C.D. Cal. Sept. 29, 2015). Courts have also observed that, "as a general proposition, gratuitous payments to a debtor by his

relatives do not constitute regular income." *In re Campbell,* 38 B.R. 193, 196 (Bankr. E.D.N.Y. 1984). A court may permit exceptions where the contributions come from a non-debtor spouse, pursuant to a contractual or legal obligation, or where there has been a history of regular payments. *Id.*

5. In this case, none of the exceptions apply. The Debtor has not provided any evidence that her Chapter 13 Plan is feasible. The Debtor has not indicated who her new plan contributor is, whether that individual is employed, or why he or she would ever want to fund the Plan. Nor are there are any declarations on file from the new Plan contributor(s) explaining how long they have contributed funds to the Debtor, how they manage to afford the payments, or whether they plan to continue. Further, the Debtor also failed to provide any details to Trojan's counsel as to the source of the new Plan payment.

6. Additionally, the haphazard expense schedules the Debtor filed—including such figures as $450 a month for food and housekeeping for a household with at least three people (down from $650 a month in the Debtor's original Docket No. 12 schedules), $100 for medical expenses (down from $500 a month), and $60 for clothing, laundry, and dry cleaning (down from $130)—show that the Debtor's schedules have little or no truth to them.

7. Instead of having the Debtor's scheduled expenses wax and wane with the tide of the Debtor's litigation needs, creditors require more evidence as to the feasibility of the Plan and the consistency of the Debtor's income. The Debtor may not simply add contributors, or make up numbers as she goes along. *See In re Antoine,* 208 B.R. 17, 19 (Bankr. E.D.N.Y. 1997) (contributions by family members do not, as a general rule, constitute regular income, and confirmation has been denied to plans premised on such payments).

8. Based only on the newly filed income and expense schedules, the Debtor has submitted no evidence of the Plan contributor(s)' required "long and undisputed history of providing for the debtor." *In re Mercer*, 2015 WL 5735810, at *1. There is no commitment on file or in evidence from any additional individuals who could contribute to this Plan.

9. Additionally, given the fact that the Debtor's prior schedules listed net income in the amount of only $242 [Docket No. 12], any new Plan contributors would not be able to show

that they have in fact been regular contributors to the Debtor's finances.  Any new contributions from these contributors would therefore be new gift contributions.  The case law is clear that "gratuitous payments to a debtor by his relatives do not constitute regular income." *In re Campbell,* 38 B.R. at 196.

10. With the Debtor and her husband's income not even covering total expenses, the Plan therefore relies entirely on hoped-for gratuitous contributions.  Due to the shortfall in the Debtor and her spouse's income, confirmation should be denied and this case either dismissed or converted to Chapter 7.  *See In re Porter*, 276 B.R. at 38 ("this Court, along with many others to have considered this issue, will always be reluctant to confirm a Chapter 13 plan, whose feasibility depends so significantly upon contributions from family members of a debtor, and where no legally binding obligation currently exists").

## IV.  **CONCLUSION.**

Based on the foregoing, Trojan respectfully requests that the Plan not be confirmed and this case dismissed.

Dated:  November 29, 2018

Respectfully submitted,

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Rafael Garcia
Richard J. Reynolds
Rafael R. Garcia-Salgado
Attorneys for Creditor
TROJAN CAPITAL INVESTMENTS, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **1851 East First Street, Suite 1550, Santa Ana, California 92705-4067**

**A** true and correct copy of the foregoing document entitled (*specify*):
**TROJAN CAPITAL INVESTMENTS, LLC'S OBJECTION TO SECOND AMENDED CHAPTER 13 PLAN**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/29/18**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Kathy A Dockery (TR)    EFiling@LATrustee.com
- Rafael R Garcia-Salgado    rgarcia@bwslaw.com, bantle@bwslaw.com,rjr-nef@bwslaw.com,jgomez@bwslaw.com
- Matthew D. Resnik    matt@rhmfirm.com, ResnikMR81240@notify.bestcase.com;roksana@rhmfirm.com;rosario@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com
- Richard J Reynolds    rreynolds@bwslaw.com, psoeffner@bwslaw.com,tmims@bwslaw.com,rjr-nef@bwslaw.com;fcabezas@bwslaw.com
- Valerie Smith    claims@recoverycorp.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Robert P Zahradka    caecf@tblaw.com, RPZ@tblaw.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **11/29/18**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| Debtor: | Lienholder: | Judge: |
|---|---|---|
| Ana Duran<br>3303 Prospect<br>La Crescenta, CA 91214 | Select Portfolio Servicing, Inc,<br>P.O. Box 65250<br>Salt Lake City, UT 84165 | Honorable Sandra R. Klein,<br>United States Bankruptcy Court<br>Central District of California<br>Edward R. Roybal Federal Building and Courthouse<br>255 E. Temple Street, Suite 1582, Los Angeles, CA 90012 |

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| **11/29/18** | Bernadette C. Antle | *[Signature]* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |